**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.,*[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |
| | <u>Objection Deadline</u>: **January 4, 2023 at 4:00 p.m. (ET)** |
| | <u>Hearing Date</u>: **January 11, 2023 at 11:00 a.m. (ET)** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Clovis Oncology, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), respectfully represent as follows in support of this motion (this "<u>Motion</u>"):

### Background

1.     On December 11, 2022 (the "<u>Petition Date</u>"), the Debtors each commenced a voluntary case (the "<u>Chapter 11 Cases</u>") under chapter 11 of the United States Code (the "<u>Bankruptcy Code</u>").  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the *Declaration of Paul*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited.  The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

*E. Gross in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 30] (the

"<u>First Day Declaration</u>") and is incorporated herein by reference.[2]

      2.      On December 22, 2022, the United States Trustee of Region 3 (the "<u>U.S. Trustee</u>")

appointed the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in these Chapter 11

Cases [Docket No. 129].  As of the date hereof, no trustee or examiner has been appointed in any

of the Debtors' cases.

      3.      The Debtors request entry of an order (the "<u>Proposed Order</u>"), substantially in the

form attached hereto as **<u>Exhibit A</u>**, approving the procedures for an orderly and regular process

for the monthly allowance and payment of compensation and reimbursement of expenses (the

"<u>Interim Compensation Procedures</u>") for professionals whose retentions are approved by this

Court and who will be required to file applications for allowances of compensation and

reimbursement of expenses.

<b><u>Jurisdiction and Venue</u></b>

      4.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157

and 1334, and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware dated as of February 29, 2012.  Venue is proper before the Court pursuant

to 28 U.S.C. §§ 1408 and 1409.

      5.      The Debtors consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy

Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the

"<u>Local Rules</u>") to the entry of a final order by the Court in connection with this Motion to the

extent that it is later determined that the Court, absent consent of the parties, cannot enter final

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Relief Requested

6.    Pursuant to section 327 or 1103 of the Bankruptcy Code, the Debtors request entry of the Proposed Order establishing Interim Compensation Procedures for professionals whose retentions are approved by this Court and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-2.

## Retention of Professionals

7.    Given the size and complex nature of these Chapter 11 Cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings and to successfully and timely emerge from chapter 11.  Accordingly, the Debtors have filed or will file separate applications with the Court to employ and retain a number of professionals, including, without limitation, (i) Willkie Farr & Gallagher LLP as restructuring co-counsel; (ii) Morris, Nichols, Arsht & Tunnell LLP  as restructuring co-counsel; (iii) Perella Weinberg Partners LP as investment banker; (iv) AlixPartners, LLC as financial advisor; and (v) Ernst & Young LLP (collectively, the "Debtors' Professionals").  The Debtors may also need to retain additional professionals in connection with the administration of the Chapter 11 Cases as the need arises.[3]

8.    The Debtors believe that establishing orderly procedures to pay the Debtors'

---

[3]    The Debtors have also filed or will file a motion pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code seeking authority to employ certain professionals used in the ordinary course of business (the "OCP Motion"). The OCP Motion seeks authority for the Debtors to continue to retain certain professionals in the ordinary course of business (the "Ordinary Course Professionals") on terms substantially similar to those in effect before the Petition Date.  Pursuant to the relief requested in the OCP Motion, Ordinary Course Professionals would not need to file individual retention applications and would be paid in full without interim or final fee applications, subject to monthly and aggregate caps on fees and expenses.  Any Ordinary Course Professional seeking payment of fees exceeding the monthly cap will be required to file a fee application pursuant to the procedures set forth in the Proposed Order.

Professionals and attorneys and other professionals whose retentions are approved by this Court pursuant to sections 327 of the Bankruptcy Code, in addition to the professionals retained by the Committee pursuant to section 1103 of the Bankruptcy Code, and that will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively, and together with the Debtors' Professionals, the "Retained Professionals"), will streamline the administration of these Chapter 11 Cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest.  A streamlined process for serving interim fee applications and notices thereof will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

## **Proposed Compensation and Reimbursement Procedures**

9.       The Debtors propose that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows:

> (i)   No earlier than the 5th day of each calendar month following the month for which compensation is sought, each Retained Professional seeking compensation may file an application for compensation for services rendered and reimbursement of expenses incurred during the preceding month (each, a "Monthly Fee Application") and serve a copy of such Monthly Fee Application by email on the following parties (collectively, the "Fee Notice Parties"):
>
> (a)   the Debtors c/o Clovis Oncology, 5500 Flatiron Parkway, Suite 100 Boulder, Colorado 80301, Attn: Paul Gross (pgross@clovisoncology.com);
>
> (b)   proposed counsel for the Debtors, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Rachel C. Strickland, Esq., Andrew S. Mordkoff, Esq., Erin C. Ryan, Esq. (rstrickland@willkie.com, amordkoff@willkie.com, eryan@willkie.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N Market St #1600, Wilmington, DE 19801, Attn: Robert J. Dehney, Andrew R. Remming, Matthew O. Talmo (rdehney@morrisnichols.com, aremming@morrisnichols.com,

mtalmo@morrisnichols.com);

(c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Rosa Sierra-Fox (Rosa.Sierra-Fox@usdoj.gov);

(d) proposed counsel for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi (LMarinuzzi@mofo.com), Raff Ferraioli (rferraioli@mofo.com), Alexander G. Severance (aseverance@mofo.com), Benjamin Butterfield (bbutterfield@mofo.com) and Theresa A. Foudy (tfoudy@mofo.com); and

(e) counsel to the lender under the Sixth Street Financing Agreement and the Debtors' debtor-in-possession financing facility, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153-0119, Attn: Jeffrey D. Saferstein, Garrett A. Fail, Lauren Tauro (jeffrey.saferstein@weil.com, garrett.fail@weil.com, lauren.tauro@weil.com).

(ii) Each Fee Notice Party shall have 14 calendar days after service of a Monthly Fee Application to review it (the "Objection Deadline"). In accordance with the Local Rules, upon expiration of such 14-day period, each Retained Professional may file with the Court a certificate of no objection (a "CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After the CNO is filed, the Debtors are authorized and directed to pay the Retained Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the total amount requested being the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii) If a Fee Notice Party objects to a Monthly Fee Application, it must, on or before expiration of the Objection Deadline, file with the Court and serve on such Retained Professional and each other Fee Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses and the amount thereof, and the basis for such Objection. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within 15 days after service of the Objection, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Retained Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount

until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(iv) Beginning with the period ending February 28, 2023, and at three-month intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Application served during such period and prepared in accordance with the Interim Compensation Procedures. Fee Notice Parties will have 14 calendar days after service of an Interim Fee Application, which service may be by email, to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including February 28, 2023. Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by the Court.

(v) The Debtors will request that the Court set a hearing on Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(vi) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by the Court.

10. The Debtors further request that the Court limit service of Interim Fee Application and final fee applications (each, a "Final Fee Application," and together with the Interim Fee Applications, the "Applications") to the Fee Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only notice of hearings on the Applications (the "Hearing Notices"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these Chapter 11 Cases to review and object to the

Retained Professionals' fees and will save unnecessary duplications and mailing expenses.

**Basis for Relief Requested**

11.    Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.  Section 331 of the Bankruptcy Code provides in relevant part as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

12.    The proposed Interim Compensation Procedures would enable the Debtors to monitor closely the costs of administration, forecast cash flows, and implement efficient cash management procedures.  They would also allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

13.    Courts use their section 105(a) power because, while section 331 of the Bankruptcy Code "expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).  Accordingly, "[c]ourts have generally recognized that in large cases it is appropriate to

allow payment of professionals more frequently." *Id.* (citations omitted).  Accordingly, Courts in this District, including this Court, have approved interim compensation procedures similar to those requested in this Motion and as set forth in the Proposed Order.  *See, e.g.*, *In re Zosano Pharma Corporation*, No. 22-10506 (JKS) (Bankr. D. Del. June 8, 2022) (granting order establishing procedures for interim compensation and reimbursement of expenses for retained professionals); *In re Enjoy Technology, Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. July 7, 2022) (same); *In Re Southland Royalty Company*, LLC,  No. 20-10158 (KBO) (granting order establishing procedures for interim compensation and reimbursement of expenses for retained professionals, including requirement that professionals file their monthly fee application "[n]o earlier than the 5th day of each calendar month following the month for which compensation is sought."); *In re Ruby Pipeline, L.L.C.*, No 22-10278 (CTG) (granting order establishing procedures for interim compensation and reimbursement of expenses for retained professionals); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) (Bankr. D. Del. Apr. 7, 2020) (same); *In re Dura Auto. Sys., LLC*, No. 19-12378 (KBO) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp.,* No. 19-12256 (BLS) (Bankr. D. Del. Nov. 15, 2019) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Aug. 20, 2019) (same).

14.     Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interest of the Debtors' estates, creditors, and all parties in interest, and, therefore should be granted in these Chapter 11 Cases.

## **Notice**

15.     Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Food & Drug Administration; (v) the Securities and Exchange Commission; (vi) counsel for the

lender under the Sixth Street Financing Agreement (as defined in the First Day Declaration) and the debtor-in-possession financing facility; (vii) counsel to The Bank of New York Mellon Trust Company, N.A., as trustee under the 2024 Notes (2019 Issuance), 2024 Notes (2020 Issuance) and 2025 Notes (as such terms are defined in the First Day Declaration); (viii) proposed counsel to the Committee; (ix) counsel to the FAP Stalking Horse Bidder (as defined in the First Day Declaration); and (x) all parties that, as of the filing of this Motion, have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.  No previous motion for the relief sought herein has been made to this court or any other court.

16.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

*[Signature page follows.]*

Dated: December 28, 2022
      Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

*/s/ Andrew R. Remming*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@morrisnichols.com
aremming@morrisnichols.com
mtalmo@morrisnichols.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Erin C. Ryan (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019-6099
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
eryan@willkie.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*