**Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.*,[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. __** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion dated December 28, 2022 (the "Motion")[2] of Clovis Oncology, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for authority to establish the Interim Compensation Procedures for professionals whose retentions are approved by this Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion (the "Hearing"); and upon the record of the Hearing and upon all of the proceedings had before the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited.  The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to such terms in the Motion.

Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals, and members of any statutory committee of creditors may seek interim compensation and/or reimbursement of expenses in accordance with the following Interim Compensation Procedures:

   (i) No earlier than the 5th day of each calendar month following the month for which compensation is sought, each Retained Professional seeking compensation may file an application for compensation for services rendered and reimbursement of expenses incurred during the preceding month (each, a "Monthly Fee Application") and serve a copy of such Monthly Fee Application by email on the following parties (collectively, the "Fee Notice Parties"):

   (a) the Debtors c/o Clovis Oncology, 5500 Flatiron Parkway, Suite 100 Boulder, Colorado 80301, Attn: Paul Gross (pgross@clovisoncology.com);

   (b) proposed counsel for the Debtors, (i) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, New York 10019, Attn: Rachel C. Strickland, Esq., Andrew S. Mordkoff, Esq., Erin C. Ryan, Esq. (rstrickland@willkie.com, amordkoff@willkie.com, eryan@willkie.com) and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N Market St #1600, Wilmington, DE 19801, Attn: Robert J. Dehney, Andrew R. Remming, Matthew O. Talmo (rdehney@morrisnichols.com, aremming@morrisnichols.com, mtalmo@morrisnichols.com);

   (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Rosa

      Sierra-Fox (Rosa.Sierra-Fox@usdoj.gov);

    (f) proposed counsel for the Committee, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019, Attn: Lorenzo Marinuzzi (LMarinuzzi@mofo.com), Raff Ferraioli (rferraioli@mofo.com), Alexander G. Severance (aseverance@mofo.com), Benjamin Butterfield (bbutterfield@mofo.com) and Theresa A. Foudy (tfoudy@mofo.com); and

    (d) counsel to the lender under the Sixth Street Financing Agreement and the Debtors' debtor-in-possession facility, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153-0119, Attn: Jeffrey D. Saferstein, Garrett A. Fail, Lauren Tauro (jeffrey.saferstein@weil.com, garrett.fail@weil.com, lauren.tauro@weil.com).

(ii) Each Fee Notice Party shall have 14 calendar days after service of a Monthly Fee Application to review it (the "Objection Deadline"). In accordance with the Local Rules, upon expiration of such 14-day period, each Retained Professional may file with the Court a certificate of no objection (a "CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After the CNO is filed, the Debtors are authorized and directed to pay the Retained Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the total amount requested being the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii) If a Fee Notice Party objects to a Monthly Fee Application, it must, on or before expiration of the Objection Deadline, file with the Court and serve on such Retained Professional and each other Fee Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses including the amount thereof, and the basis for such Objection. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within 15 days after service of the Objection, the affected Retained Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such Retained Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and rule on the Objection if requested by the parties.

(iv) Beginning with the period ending February 28, 2023, and at three-month

    intervals thereafter (each, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Application served during such period and prepared in accordance with the Interim Compensation Procedures. Fee Notice Parties will have 14 calendar days after service of an Interim Fee Application, which service may be by email, to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including February 28, 2023. Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by the Court.

(v) The Debtors will request that the Court set a hearing on Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(vi) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under these Compensation Procedures, unless otherwise ordered by the Court.

3.     Service of Interim Fee Application and Final Fee Applications shall be limited to the Fee Notice Parties. All other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only Hearing Notices.

4.     Neither (a) the payment of or the failure to pay, in whole or in part, a Monthly Fee Application nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the Final Fee Applications. All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

5. In each Interim Fee Application and the Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to the any interim or final order entered in relation to any Motion to retain Ordinary Course Professionals, shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

6. Attorneys subject to this Order shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with Interim Fee Applications and Final Fee Applications.

7. Service of the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and Hearing Notices is approved as follows: (a) the Fee Notice Parties shall be entitled to receive the Monthly Fee Applications, Interim Fee Applications, Final Fee Applications, and notices of any hearing thereon and (b) the parties in interest requesting notice pursuant to Bankruptcy Rule 2002 shall be entitled to receive only Hearing Notices.

8. The Debtor will include all payments made to Retained Professionals in accordance with the Compensation Procedures in their monthly operating reports identifying the amounts paid to each Retained Professional.

9. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.