## EXHIBIT A-1

**Notice of Status as Substantial Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al*[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a Substantial Shareholder with respect to Clovis Stock or of any Beneficial Ownership therein (as defined herein and in the *Order Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtors Clovis, Inc., et al.* (the "Order")) of Clovis Oncology, Inc., et al. ("Clovis"), the debtors and debtors in possession in Case No. 22-11292 pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Clovis Stock (including any Options with respect to Clovis Stock). The following table sets forth the date(s) on which the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2] For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2022, approximately 6,501,600 shares) of the common stock of Clovis ("Clovis Stock"), and (B) "Beneficial Ownership" or any variation thereof of Clovis Stock and Options to acquire Clovis Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Clovis Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such

Clovis Stock:

| Number of Shares | Date Acquired |
|------------------|---------------|
|                  |               |
|                  |               |
|                  |               |
|                  |               |
|                  |               |

[Attach additional rows if necessary]

The undersigned party holds such Clovis Stock through a bank, broker, intermediary, or

other agent (a "<u>Nominee</u>"), in "street name," with the below Nominee, identified by such

Nominee's "Participant Number" with the Depository Trust Company ("<u>DTC</u>"):

| Name of Nominee | Nominee's DTC Participant Number |
|-----------------|----------------------------------|
|                 |                                  |

[If applicable, and attach additional rows if necessary]

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer

identification number of the undersigned party are [ ].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned

party hereby declares that it has examined this Notice and accompanying attachments (if any), and,

to the best of its knowledge and belief, this Notice and any attachments which purport to be part

of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Order, this Notice is being

(a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

Respectfully Submitted,

_____
(Name of Shareholder)

By:         _____
Name:       _____
Title:      _____
Address:    _____
            _____
            _____
Telephone:  _____
Facsimile:  _____
Date:       _____

**EXHIBIT A-2**

**Notice of Intent to Acquire Equity Interest**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.,*[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO PURCHASE, ACQUIRE, OR
## OTHERWISE ACCUMULATE AN EQUITY INTEREST

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of its

intention to purchase, acquire, or otherwise accumulate one or more shares of Clovis Stock or of

any Beneficial Ownership therein (as defined herein and in the *Order Establishing Notice and*

*Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity*

*Securities in Debtors Clovis, Inc., et al.* (the "Order")) of Clovis Oncology, Inc. ("Clovis"), or an

Option with respect thereto (as defined herein and in the Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [    ], the undersigned

party filed a Notice of Status as a Substantial Shareholder[2] with the United States Bankruptcy

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2]  For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2022, approximately 6,501,600 shares) of the common stock of Clovis ("Clovis Stock"), and (B) "Beneficial Ownership" or any variation thereof of Clovis Stock and Options to acquire Clovis Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Clovis Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors.

PLEASE TAKE FURTHER NOTICE THAT the undersigned party currently has Beneficial Ownership of [_____] shares of Clovis Stock (including any Options with respect to Clovis Stock). The undersigned party holds such Clovis Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name," with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

[If applicable, and attach additional rows if necessary]

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of [_____] shares of Clovis Stock or an Option with respect to [_____] shares of Clovis Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of Clovis Stock (including any Options with respect to Clovis Stock) after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE THAT the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

PLEASE TAKE FURTHER NOTICE THAT, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to the Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 21 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 21-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring or otherwise accumulating Beneficial Ownership of additional shares of Clovis Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:       _____
Name:     _____
Title:    _____
Address:  _____
          _____
          _____
Telephone: _____
Facsimile: _____
Date:     _____

3

## EXHIBIT A-3

**Notice of Intent to Transfer Equity Interest**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.,*[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF INTENT TO SELL, TRADE, OR
OTHERWISE TRANSFER AN EQUITY INTEREST**

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer one or more shares of Clovis Stock or of any Beneficial Ownership therein (as defined herein and in the *Order Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtors Clovis Oncology, Inc., et al.* (the "Order")) of Clovis Oncology, Inc. ("Clovis"), or an Option with respect thereto (as defined herein and in the Order) (the "Proposed Transfer").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [      ], the undersigned party filed a Notice of Status as a Substantial Shareholder[2] with the United States Bankruptcy

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2]  For purposes of this Notice, (A) a "Substantial Shareholder" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2022, approximately 6,501,600 shares) of the common stock of Clovis ("Clovis Stock"), and (B) "Beneficial Ownership" or any variation thereof of Clovis Stock and Options to acquire Clovis Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Clovis Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Court for the District of Delaware (the "Court") and served copies thereof on counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the undersigned party currently has Beneficial Ownership of [_____] shares of Clovis Stock (including any Options with respect to Clovis Stock). The undersigned party holds such Clovis Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name," with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
| --- | --- |
|  |  |

[If applicable, and attach additional rows if necessary]

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of [_____] shares of Clovis Stock or an Option with respect to [_____] shares of Clovis Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of [_____] shares of Clovis Stock (including any Options with respect to Clovis Stock) after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification or social security number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Order, this Notice is being (a) filed with the Court and (b) served upon counsel to the Debtors.

2

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 21 calendar days after receipt of this Notice to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will not be effective unless approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 21-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading or otherwise transferring Beneficial Ownership of additional shares of Clovis Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:        _____
Name:      _____
Title:     _____
Address:   _____
           _____
           _____
Telephone: _____
Facsimile: _____
Date:      _____

## EXHIBIT A-4

**Notice of Status as a 50% Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.,*[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF STATUS AS A 50% SHAREHOLDER[2]

**PLEASE TAKE NOTICE THAT** the undersigned party is or has become a 50% Shareholder with respect to Clovis Stock or of any Beneficial Ownership therein (as defined herein and in the *Order Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtors Clovis Oncology, Inc., et al.* (the "Order")) of Clovis Oncology, Inc. ("Clovis"), the debtors and debtors in possession in Case No. 22-11292 pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Clovis Stock (including any Options with respect to any Clovis Stock). The following table sets forth the date(s) on which the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2] For purposes of this Notice, (A) a "50% Shareholder" is any person or entity that, at any time during the three- year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Clovis (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Clovis Stock and Options to acquire Clovis Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Clovis Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Clovis Stock (including any Options with respect to Clovis Stock):

| Number of Shares | Date Acquired |
|------------------|---------------|
|                  |               |
|                  |               |
|                  |               |
|                  |               |
|                  |               |

[Attach additional rows if necessary]

The undersigned party holds such Clovis Stock through a bank, broker, intermediary, or other agent (a "<u>Nominee</u>"), in "street name," with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("<u>DTC</u>"):

| Name of Nominee | Nominee's DTC Participant Number |
|-----------------|----------------------------------|
|                 |                                  |

[If applicable, and attach additional rows if necessary]

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [ ].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Order, this Notice is being

(a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

Respectfully Submitted,

_____

(Name of Shareholder)

By:        _____
Name:      _____
Title:     _____
Address:   _____
           _____
           _____
Telephone: _____
Facsimile: _____
Date:      _____

# EXHIBIT A-5

**Notice of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.,*[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

**PLEASE TAKE NOTICE THAT** the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Proposed Worthlessness Claim") with respect to Clovis Stock or of any Beneficial Ownership therein (as defined herein and in the *Order Establishing Notice and Hearing Procedures for Trading in, or Certain Claims of Worthlessness With Respect to, Equity Securities in Debtors Clovis Oncology, Inc., et al.* (the "Order")) of Clovis Oncology, Inc. ("Clovis"), the debtors and debtors in possession in Case No. 22-11292 pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE THAT**, if applicable, on [     ], the undersigned party filed a Notice of Status as a 50% Shareholder[2] with the Court and served copies thereof on counsel to the Debtors.

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited.  The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2]  For purposes of this Notice, (A) a "50% Shareholder" is any person or entity that, at any time during the three- year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Clovis (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Clovis Stock and Options to acquire Clovis Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Clovis Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, as of [_____], the undersigned party currently has Beneficial Ownership of [_____] shares of Clovis Stock (including any Options with respect to any Clovis Stock). The undersigned party holds such Clovis Stock through a bank, broker, intermediary, or other agent (a "Nominee"), in "street name," with the below Nominee, identified by such Nominee's "Participant Number" with the Depository Trust Company ("DTC"):

| Name of Nominee | Nominee's DTC Participant Number |
|---|---|
|  |  |

[If applicable, and attach additional rows if necessary]

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Proposed Worthlessness Claim, the undersigned proposes to declare for [federal/state] tax purposes that [_____] shares of Clovis Stock or an Option with respect to [_____] shares of Clovis Stock became worthless during the tax year ending [_____].

**PLEASE TAKE FURTHER NOTICE THAT** the last four digits of the taxpayer identification number of the undersigned party are [_____].

**PLEASE TAKE FURTHER NOTICE THAT**, under penalty of perjury, the undersigned party hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct, and complete.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Order, this Notice is being (a) filed with the Court and (b) served upon the proposed counsel to the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have 21 calendar days after receipt of this Notice to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless

approved by a final and non-appealable order of the Court. If the Debtors do not object within such 21-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE THAT** any further transactions contemplated by the undersigned party that may result in the undersigned party claiming a worthless stock deduction with respect to its shares of Clovis Stock (or an Option with respect thereto) will each require an additional notice filed with the Court to be served in the same manner as this Notice.

Respectfully Submitted,

_____
(Name of Shareholder)

By:          _____
Name:      _____
Title:       _____
Address:   _____
             _____
             _____
Telephone: _____
Facsimile: _____
Date:        _____

# EXHIBIT A-6

**Notice of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.,* [1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ENTRY OF ORDER
ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING
IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT TO,
EQUITY SECURITIES IN DEBTORs CLOVIS ONCOLOGY, INC., ET AL.**

**TO ALL PERSONS OR ENTITIES WITH EQUITY
INTERESTS IN DEBTORS CLOVIS ONCOLOGY, INC., ET AL.**

**PLEASE TAKE NOTICE THAT**, on December 11, 2022 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of the Debtors' estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE THAT**, on the January 5, 2023, the Debtors filed a motion seeking entry of a Order pursuant to sections 105, 362, and 541 of the Bankruptcy Code establishing notice and hearing procedures for trading in, or certain claims of worthlessness with respect to, equity securities in Debtors Clovis Oncology, Inc., et al. (the "Motion").

**PLEASE TAKE FURTHER NOTICE THAT**, on [_____], 2023, the Court entered an order approving the Motion on a final basis and approving the procedures set forth

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited.  The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

below in order to preserve the Tax Attributes held by Clovis (as defined in the Motion) (the "Order").

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Order, the following procedures shall apply to holding and trading in, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities) of Clovis Oncology, Inc. ("Clovis"):

1.      Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities) in Clovis on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraphs 2(a) and 3(b)) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

2.      The following procedures shall apply to the trading in equity securities (including Options to acquire such securities) in Clovis:

(a)      Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors a notice of such status, in the form attached to the Motion as Exhibit A-1, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order (as defined below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

(b)      At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in an increase in the amount of Clovis Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as Exhibit A-2, of the intended transfer of equity securities (including Options to acquire such securities).

(c)      At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Clovis Stock beneficially owned by a

Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with the Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as <u>Exhibit A-3</u>, of the intended transfer of equity securities (including Options to acquire such securities) (the notices required to be filed and served under subparagraphs (c) and (d), each a "<u>Notice of Proposed Transfer</u>").

(d)     The Debtors shall have twenty-one (21) calendar days after receipt of a Notice of Proposed Transfer to file with the Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 21-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 21-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 21-day waiting period.

(e)     For purposes of these procedures, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2022, approximately 6,501,600 shares[2]) of the common stock of Clovis ("<u>Clovis Stock</u>"), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Clovis Stock and Options to acquire Clovis Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Clovis Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any

---

[2]  Based on approximately 144,480,000 shares of Clovis Stock issued and outstanding as of September 30, 2022.

contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

3.     The following procedures shall apply to claims for tax purposes that shares of Clovis' equity securities (including Options to acquire such securities) are worthless:

(a)     Any worthless stock deduction claim of equity securities (including Options to acquire such securities) in Clovis on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

(b)     Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as Exhibit A-4, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order (as defined below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

(c)     At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities) in Clovis, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as Exhibit A-5 (a "Notice of Intent to Claim a Worthless Stock Deduction") of the intended claim of worthlessness.

(d)     The Debtors will have twenty-one (21) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 21-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 21-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 21-day waiting period.

4

(e)     For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Clovis (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Clovis Stock and Options to acquire Clovis Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Clovis Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE THAT**, upon the request of any person, counsel to the Debtors will provide a form of each of the required notices described above.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Order may be obtained free of charge from https://cases.ra.kroll.com/Clovis.

**FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THIS NOTICE SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PRESCRIBED BY SECTION 362 OF THE BANKRUPTCY CODE.**

**ANY PROHIBITED PURCHASE, ACQUISITION, ACCUMULATION, SALE, TRADE, OR OTHER TRANSFER OF, OR ANY CLAIM OF WORTHLESSNESS WITH RESPECT TO, CLOVIS STOCK, OR ANY BENEFICIAL OWNERSHIP THEREIN, IN VIOLATION OF THE ORDER SHALL BE NULL AND VOID *AB INITIO* AND MAY BE PUNISHED BY CONTEMPT OR OTHER SANCTIONS IMPOSED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** the requirements set forth in this Notice

of Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities,

corporate, and other laws, and do not excuse compliance therewith.

Dated: _____, 2023
                Wilmington, Delaware

            **MORRIS NICHOLS ARSHT & TUNNELL LLP**

            */s/* _____

            Robert J. Dehney (No. 3578)
            Andrew R. Remming (No. 5120)
            Matthew O. Talmo (No. 6333)
            1201 North Market Street, 16th Floor
            P.O. Box 1347
            Wilmington, Delaware 19899-1347
            Telephone:  (302) 658-9200
            Facsimile:  (302) 658-3989
            rdehney@morrisnichols.com
            aremming@morrisnichols.com
            mtalmo@morrisnichols.com

            -and-

            **WILLKIE FARR & GALLAGHER LLP**
            Rachel C. Strickland (admitted *pro hac vice*)
            Andrew S. Mordkoff (admitted *pro hac vice*)
            Erin C. Ryan (admitted *pro hac vice*)
            787 Seventh Avenue
            New York, New York 10019-6099
            Telephone:  (212) 728-8000
            Facsimile:  (212) 728-8111
            rstrickland@willkie.com
            amordkoff@willkie.com
            eryan@willkie.com

            *Proposed Co-Counsel to the Debtors and Debtors in*
            *Possession*