## **EXHIBIT B**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.*,[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |

**ORDER ESTABLISHING**
**NOTICE AND HEARING PROCEDURES FOR TRADING**
**IN, OR CERTAIN CLAIMS OF WORTHLESSNESS WITH RESPECT**
**TO, EQUITY SECURITIES IN DEBTORS CLOVIS ONCOLOGY, INC., ET AL**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order establishing notice and hearing procedures that must be satisfied before certain transfers of, or certain claims of worthlessness for federal or state tax purposes with respect to, equity securities in Debtors Clovis Oncology, Inc., et al. ("Clovis") or of any beneficial interest therein, are deemed effective; and upon the First Day Declaration; and due and sufficient notice of the Motion and the Order having been given under the particular circumstances; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter an order herewith consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

and 1409; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon and good and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Any purchase, sale, or other transfer of, or certain claims of worthlessness with respect to, equity securities (including Options to acquire such securities) in Clovis, or of any Beneficial Ownership therein, on or after the Petition Date in violation of the procedures set forth herein (including the notice requirements set forth in paragraph 3(a) below) shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

3. The following procedures shall apply to trading in equity securities (including Options to acquire such securities) of Clovis:

   (a) Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a Substantial Shareholder (as defined in subparagraph (e) below) shall file with this Court, and serve on the counsel to the Debtors, a notice of such status, in the form attached to the Motion as <u>Exhibit A-1</u>, on or before the later of (i) twenty (20) calendar days of the Notice of Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a Substantial Shareholder.

   (b) At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in an increase in the amount of Clovis Stock beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) shall file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as <u>Exhibit A-2</u>, of the intended transfer of equity securities (including Options to acquire such securities).

   (c) At least twenty-one (21) calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Clovis Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder shall file with this

(d)     Court, and serve on counsel to the Debtors, advance written notice, in the form attached to the Motion as <u>Exhibit A-3</u>, of the intended transfer of equity securities (including Options to acquire such securities) (the notices required to be filed and served under subparagraphs (c) and (d), each a "<u>Notice of Proposed Transfer</u>").

(d)     The Debtors shall have twenty-one (21) calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder (or person or entity that may become a Substantial Shareholder) an objection to the proposed transfer of equity securities (including Options to acquire such securities) described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 21-day period, and while any objection by the Debtors (or any other party in interest) to the proposed transfer is pending, such Substantial Shareholder shall not effectuate the proposed transfer to which the Notice of Proposed Transfer relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors do not object within such 21-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer.  Further transactions within the scope of this subparagraph (d) must be the subject of additional notices as set forth herein, with an additional 21-day waiting period.

(e)     For purposes of this Order, (A) a "<u>Substantial Shareholder</u>" is any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) which has Beneficial Ownership of at least 4.5% of all issued and outstanding shares (equal to, as of September 30, 2022, approximately 6,501,600 shares[3]) of the common stock of Clovis ("<u>Clovis Stock</u>"), and (B) "<u>Beneficial Ownership</u>" or any variation thereof of Clovis Stock and Options to acquire Clovis Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Clovis Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of

---

[3] Based on approximately 144,480,000 shares of Clovis Stock issued and outstanding as of September 30, 2022.

      forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

4. The following procedures shall apply to claims for tax purposes that shares of Clovis' equity securities (including Options to acquire such securities) are worthless:

    (a)    Any worthless stock deduction claim of equity securities (including Options to acquire such securities) in Clovis on or after the Petition Date in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code.

    (b)    Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)(1)) who currently is or becomes a 50% Shareholder (as defined in subparagraph (e) below) shall file with the Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as <u>Exhibit A-4</u>, on or before the later of (i) twenty (20) calendar days after the date of the Notice of Order (as defined in paragraph 6 below) and (ii) ten (10) calendar days after becoming a 50% Shareholder.

    (c)    At least twenty-one (21) days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the equity securities (including Options to acquire such securities) in Clovis, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50% Shareholder shall file with the Court, and serve on counsel to the Debtors, an advance written notice, in the form attached hereto as <u>Exhibit A-5</u> (a "<u>Notice of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

    (d)    The Debtors will have twenty-one (21) calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50% Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes. During such 21-day period, and while any objection by the Debtors (or any other party in interest) to the proposed claim is pending, such 50% Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Notice of Intent to Claim a Worthless Stock Deduction relates and thereafter shall do so only in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures. If the Debtors do not object within such 21-day period, the filing of the tax return with such claim would be permitted only as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional tax returns or amendments within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 21-day waiting period.

      (e)      For purposes of these procedures, (A) a "50% Shareholder" is any person or entity that, at any time during the three-year period ending on the Petition Date, has had Beneficial Ownership of 50% or more of the equity securities in Clovis (determined in accordance with IRC section 382(g)(4)(D) and the applicable regulations thereunder), and (B) "Beneficial Ownership" or any variation thereof of Clovis Stock and Options to acquire Clovis Stock shall be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time shall include, without limitation, (i) direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), (ii) ownership by the holder's family members and persons acting in concert with the holder to make a coordinated acquisition of stock, and (iii) ownership of an Option to acquire Clovis Stock, but only to the extent such Option is treated as exercised under Treasury Regulations Section 1.382-4(d). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

5.      The Debtors may waive in writing any and all restrictions, stays, and notification procedures contained in this Order; provided, however, the Debtors shall provide notice of any such waiver to the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") in writing within three business days thereafter.

6.      The Debtors shall serve the Notice of Order setting forth the procedures authorized herein substantially in the form attached hereto as Exhibit A-6 ("Notice of Order") on: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) the Food & Drug Administration; (v) the Securities and Exchange Commission; (vi) counsel for the lender under the Sixth Street Financing Agreement (as defined in the First Day Declaration) and the debtor-in-possession financing facility; (vii) counsel to The Bank of New York Mellon Trust Company, N.A., as trustee under the 2024 Notes (2019 Issuance), 2024 Notes (2020 Issuance) and 2025 Notes (as such terms are defined in the First Day Declaration); (viii) proposed counsel to the Committee;

(ix) all banks, brokers, intermediaries, other nominees or its mailing agents (collectively, the "Nominees") that hold Clovis Stock in "street name" for the beneficial holders of the Clovis Stock (with instructions to serve down to the beneficial holder level) as applicable; (x) the transfer agent(s) for the Clovis Stock, as applicable; and (xi) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002 (collectively, the "Equity Trading Notice Parties").

7.  Upon receipt of the Notice of Order, the Nominees shall serve the Notice of Order to any beneficial holders by no later than five (5) business days after being served with the Notice of Order. Additionally, any person (or entity or broker or agent acting on their behalf) who sells at least 4.5% of all issued and outstanding shares of Clovis Stock (or an Option with respect thereto) to another person or entity shall be required to provide the Notice of Order to such purchaser (or its agent), to the extent reasonably feasible.

8.  For the avoidance of doubt, any holder of Clovis Stock that holds Clovis Stock in an amount in excess of 4.5% of all the issued and outstanding shares (or an Option with respect thereto) on behalf of another person or entity is required to provide the Notice of Order to such person or entity with instructions to forward the Notice of Order down the chain of ownership to the ultimate beneficial holder of Clovis Stock holding an amount in excess of 4.5% of all issued and outstanding shares.

9.  The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. The requirements of Bankruptcy Rule 6004(a) are waived.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.