IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.*,[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. 17 & 80 |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO PAY
CERTAIN PREPETITION TAXES AND FEES AND RELATED OBLIGATIONS
AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECK
AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of interim and final orders (i) authorizing, but not directing, the Debtors, in their discretion, to pay Taxes and Fees related to the period prior to the Petition Date to the Taxing Authorities; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and due and proper notice of the Motion having been given; and having determined that no other or further notice of the Motion is required; and having determined that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

determined that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Subject to the terms of this Final Order, the Debtors, in consultation with the advisors to the Official Committee of Unsecured Creditors (the "Committee"), are authorized, but not directed, in their reasonable discretion, to pay prepetition Taxes and Fees to the Taxing Authorities in the ordinary course of their business in an amount not to exceed $786,500; provided, however, that in no event shall the Debtors pay any Taxes or Fees before such amounts are due and payable, and this Final Order shall not be deemed to allow the Debtors to accelerate the payment of any amounts for any Taxes or Fees that may be due and owing by the Debtors.

3. Notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes for periods that begin prepetition and end postpetition ("Straddle Taxes"), and if the Court subsequently determines that any portion of such Straddle Taxes is not entitled to treatment as a priority or administrative tax claim under Bankruptcy Code section 507(a)(8) or 503(b)(1)(B), the Debtors may, in their sole discretion (but shall not be required to), seek an order from the Court requiring a return of such amounts and the payment of such amount shall, upon order of the Court, be refunded to the Debtors.

4. Subject to the terms of this Final Order, the Banks are authorized, when requested by the Debtors, in the Debtors' reasonable discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such

payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

5. Nothing in this Final Order (a) is intended or shall be deemed to constitute the Debtors' approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party of any agreement pursuant to section 365 of the Bankruptcy Code or the Debtors' admission as to the validity of any claim against the Debtors and their estates, (b) shall impair, prejudice, waive or otherwise affect the rights of the Debtors, their estates, or any party in interest (including the Committee) to challenge the validity, priority or amount of any claim against the Debtors and their estates, (c) shall impair, prejudice, waive or otherwise affect the rights of the Debtors, their estates, or any party in interest (including the Committee) with respect to any and all claims or causes of action, or (d) shall be construed as the Debtors' promise to pay a claim.

6. Subject to the terms of this Final Order, the Debtors are authorized, but not directed, to issue postpetition checks, or to effectuate postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to payments authorized to be made pursuant to this Order.

7. The Debtors shall maintain a matrix summarizing (a) the name of each Taxing Authority paid on account of Taxes and Fees, (b) the amount paid to each Taxing Authority on account of Taxes and Fees owed to it, and (c) a brief description of the Taxes and Fees paid to such Taxing Authority.  On a monthly basis by no later than the twentieth (20th) day of the month

following the month applicable to such matrix, the Debtors shall provide the matrix to the advisors of the Committee.

8. The Debtors are authorized, but not directed, to take any and all actions necessary to effectuate the relief granted herein.

9. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

Dated: January 18th, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE