## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CLOVIS ONCOLOGY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11292 (JKS)<br><br>(Jointly Administered)<br><br>Re: D.I. 18 & 81 |

**FINAL ORDER (I) AUTHORIZING PAYMENT OF CERTAIN PREPETITION CLAIMS OF LIENHOLDERS AND RELATED OBLIGATIONS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of a final order (this "Final Order"): (a) authorizing, but not directing, the Debtors to pay, in their sole discretion, prepetition amounts in the ordinary course owing on account of certain Lienholders (as defined herein), (b) continuing to honor outstanding obligations to Lienholders on a postpetition basis in the ordinary course of business and consistent with historical practice, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and the First Day Declaration and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Subject to the terms of this Final Order, the Debtors, in consultation with the advisors to the Official Committee of Unsecured Creditors (the "Committee"), are authorized, but not directed, to: (a) pay, in their reasonable discretion, prepetition amounts in the ordinary course owing on account of certain Lienholders, in an amount not to exceed $3,900,000, and (b) continue to honor outstanding obligations to Lienholders on a postpetition basis in the ordinary course of business and consistent with historical practice; provided that in no event shall the Debtors pay any obligations to Lienholders before such amounts are due and payable, and this Final Order shall not be deemed to allow the Debtors to accelerate any payment of any amounts of Lienholder obligations that may be due and owing by the Debtors.

3. Subject to the terms of this Final Order, the Debtors, in their reasonable discretion, may condition payment to the Lienholders upon agreement by the applicable Lienholder to continue to supply services to the Debtors on such creditor's Customary Trade Terms or on other such terms and conditions as are acceptable to the Debtors.

4. Subject to the challenge rights described in this paragraph, if any Lienholder accepts payment on account of a prepetition obligation of the Debtors and thereafter does not

continue to provide goods or services to the Debtors on Customary Trade Terms, absent objection as described below, upon a court order granting such relief, any payment made shall be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by the Debtors in cash.  Upon recovery by the Debtors, the Lien Claim shall be reinstated as a prepetition claim in the amount so recovered.  The foregoing does not preclude a Lienholder from contesting whether it has failed to comply with the provisions of this Final Order by filing an objection with this Court within twenty (20) days of the date of the Debtors' initial written request for return of the payments.  The hearing on such objection shall be set for the next regularly scheduled omnibus hearing date occurring more than twenty (20) days after the date of the filing of the objection.  The Debtors are hereby authorized, but not directed, to obtain written verification before issuing payment to a Lienholder, that such Lienholder will, if relevant, continue to provide services to the Debtors on Customary Trade Terms for the remaining term of the Lienholder's relationship with the Debtors; _provided_, _however_, that the absence of such written verification will not limit the Debtors' rights hereunder.  If a creditor is paid on account of a prepetition obligation, then the Committee shall be provided with copies of any underlying agreements or written verifications (if any) related to such creditor's Customary Trade Terms and, as applicable, any new trade agreements related thereto.

        5.      Subject to the terms of this Court's final cash management order, each Bank is authorized, when requested by the Debtors in their reasonable discretion, to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Lien Claims that had not been honored and paid as of the Petition Date; _provided_, _however_, that no Bank shall be obligated to process, honor or pay any such check or fund transfer if there are insufficient funds on deposit in the applicable account to cover such payment or the request is

otherwise not in compliance with the terms of any agreement between such Bank and any Debtors governing such account.

6. Any party that accepts payment from the Debtors on account of a Lien Claim shall be deemed to have agreed to the terms and provisions of this Final Order.

7. Subject to the terms of this Final Order, the Debtors are authorized, but not directed, consistent with this Final Order, to issue postpetition checks, or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests, for payment of prepetition Lien Claims dishonored or rejected as of the commencement of these Chapter 11 Cases.

8. Upon the payment of any Lien Claim, any property of the Debtors held by or within the control of a Lienholder shall be released and delivered to its destination as directed by the Debtors consistent with its customary practices in the ordinary course of business with the Debtors.

9. The authorization granted hereby to pay certain Lien Claims shall not create any obligation on the part of the Debtors or their officers, directors, attorneys, or agents to pay such obligations, and the decision not to pay any Lien Claims pursuant to this Order shall not by itself cause the Debtors or their officers, directors, attorneys or agents to incur any liability, and nothing contained in this Final Order shall be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect the Lien Claims to the extent they are not paid.

10. Upon any Lienholder's or other third party's refusal to release property pursuant to this Final Order, the Debtors shall be granted an expedited hearing on not less than five (5) days' notice, without the need to file a further written motion, to compel the Lienholder or third party to release such property.

11. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the rights of the Debtors or any party in interest (including the Committee) to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order, the Interim Order, or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the rights of the Debtors or any party in interest (including the Committee) under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any party in interest (including the Committee) that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors, or any party in interest (including the Committee), expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

12. The Debtors shall maintain a matrix summarizing (a) the name of each Lienholder paid on account of all prepetition obligations, (b) the amount paid to each Lienholder on account of all prepetition obligations, and (c) a brief description of the Lienholder payments. The Debtors shall provide the matrix to the advisors of the Committee on a biweekly basis commencing the first Friday of the subsequent month. In the event that there is a payment to a Lienholder (whether pursuant to an executed trade agreement or otherwise) (a) in excess of 25% of the Debtors' estimation of prepetition obligations owed to such Lienholder, solely to the extent that excess amount is greater than $75,000, or (b) to a Lienholder not previously included in the matrix in an amount greater than $150,000, then the Committee shall receive three (3) days' notice

of such executed trade agreement or payment, as the case may be, and such notice shall include the Debtors' business rationale for such payment or executed trade agreement.

13. Nothing in this Final Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

14. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: January 18th, 2023  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE