**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLOVIS ONCOLOGY, INC., *et al.*,[1] | Case No. 22-11292 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 545** |

**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' (I) OMNIBUS MOTION FOR ORDER GRANTING THE COMMITTEE EXCLUSIVE LEAVE, STANDING, AND AUTHORITY TO PROSECUTE AND SETTLE CERTAIN CLAIMS, CAUSES OF ACTION, AND CLAIM OBJECTIONS ON BEHALF OF THE DEBTORS' ESTATES AND (II) CLAIM OBJECTION**

Upon the omnibus motion, dated April 3, 2023 (the "Motion"),[2] of the Official Committee of Unsecured Creditors (the "Committee") to the above-captioned debtors and debtors in possession (collectively, "Clovis" or the "Debtors") of these chapter 11 cases, and upon the certification of counsel, for entry of an order (this "Order"), pursuant to sections 105, 502, 1103, and 1109 of title 11 of the United States Code (the "Bankruptcy Code"), rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the final order authorizing the Debtors to obtain postpetition financing [ECF No. 256] (the "Final DIP Order"), (i) granting the Committee exclusive standing and authority to commence, prosecute, and settle certain claims, causes of action, and objections on behalf of the Debtors' estates against TOP IV Talents, LLC ("TOP"), TAO Talents, LLC ("TAO"), and TOP IV SPV GP, LLC ("Agent" and, together with TOP and TAO, the "Defendants") relating to the Financing Agreement obligations

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 100, Boulder, CO 80301.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

or (ii) disallowing the claims of the Defendants under section 502 of the Bankruptcy Code on the grounds that (a) the Stipulated Claim is, in reality, an equity investment or (b) in the alternative, amounts exceeding the Funded Amount less the Reimbursement Payment are unmatured interest, an unenforceable penalty, and/or usurious interest, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Final DIP Order; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found that the relief requested in this Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**:

    1.    The Motion shall be, and hereby is, **GRANTED** as set forth herein.

    2.    The Committee shall have the requisite authority to commence and prosecute the First Cause of Action, Second Cause of Action, Third Cause of Action, Fourth Cause of Action, Eighth Cause of Action, and Ninth Cause of Action (collectively, the "Claim Objections") identified in the draft complaint attached to the Motion as **Exhibit B** (the "Proposed Complaint") and the Fifth Cause of Action, Sixth Cause of Action, Seventh Cause of Action, and Ninth Cause

of Action identified in the Proposed Complaint (collectively, the "Adversary Claims") as objections to the allowance of Sixth Street's claims under section 502 of the Bankruptcy Code in connection with the confirmation hearing on the Plan.

3. The Committee may amend or modify the Proposed Complaint prior to its filing; provided, however, that any such amendment or modification shall not expand or add to the causes of action included in the Proposed Complaint.

4. Any settlement of the Claim Objections and/or Adversary Claims shall be subject to approval by the Court after notice and a hearing.

5. The Committee is authorized and empowered to take all actions necessary or appropriate to effectuate the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: April 18th, 2023**
**Wilmington, Delaware**

3

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

IMPAC 10759969v.1