**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CLOVIS ONCOLOGY, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 22-11292 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 674** |

**JOINDER OF TOP IV SPV GP, LLC AND TOP IV TALENTS, LLC
TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
DISBANDING THE OFFICIAL COMMITTEE OF EQUITY HOLDERS**

        TOP IV SPV GP, LLC, as administrative agent (the "**Prepetition Agent**") under that certain *Financing Agreement*, dated as of May 1, 2019 (the "**Prepetition Financing Agreement**"), and TOP IV Talents, LLC, as administrative agent (the "**DIP Agent**") under that certain *Secured Superpriority Debtor-in-Possession Financing Agreement*, dated as of January 6, 2023 (the "**DIP Financing Agreement**"), by and through the undersigned counsel, respectfully submit this joinder (this "**Joinder**") to the *Debtors' Emergency Motion for Entry of an Order Disbanding the Official Committee of Equity Holders* [D.I. 674] (the "**Motion**")[2] and represent as follows:

**Joinder**

        1.      Notwithstanding the Debtors' extensive efforts to maximize value for all parties-in-interest in these chapter 11 cases through the Court-approved sales of their key assets, the unfortunate reality is that creditors will not be paid in full. With the premise of these sales, the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 110, Boulder, CO 80301.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

RLF1 29055747v.1

lenders under the Prepetition Financing Agreement and the DIP Financing Agreement agreed to provide sufficient funding for the Debtors to successfully administer these chapter 11 cases. The lenders, however, have not agreed to write a blank check to fund any and all costs that may arise – including the costs of the Official Equity Committee. As set forth in the Final DIP Order, the lenders are already paying one official committee's case costs as well as certain costs incurred in connection with the objection to the lenders' claims arising under the Prepetition Financing Agreement. There is no reason that the lenders should have to pay for another official committee and set of advisors, particularly given that claims under the DIP Financing Agreement are not expected to be paid in full on the effective date and the Debtors have illustrated equity holders are out of the money. As such, the appointment of the Official Equity Committee puts at risks the administrative solvency of the Debtors' estates.

2. Further, as described in the Motion, the Ad Hoc Committee first organized in January 2023 but waited until April 3, 2023 to transmit the Ad Hoc Committee Letter requesting that the U.S. Trustee appoint an official committee of equity holders. Despite opposition from all parties with an actual economic stake in the outcome of these chapter 11 cases, the U.S. Trustee acceded to the Ad Hoc Committee's request on May 8, 2023, more than two weeks after the Court approved the Debtors' disclosure statement on an interim basis and the Debtors started moving forward with the plan confirmation process. The U.S. Trustee's appointment of the Official Equity Committee at this time serves no identifiable purpose as such appointment is for the benefit of parties who are not entitled to any recovery based on a reasonable calculation of the proceeds available from the FAP and Rubraca sales and have no economic interest to protect. The U.S. Trustee's appointment of the Official Equity Committee will only saddle the Debtors' estates with needless administrative expenses, without an agreement from the lenders to bear such costs. In

light of the foregoing, the appointment of the Official Equity Committee will do nothing more than harm creditors in these cases and, therefore, is plainly unreasonable.

3. For the reasons set forth herein and in the Motion, which are incorporated herein by reference, the Prepetition Agent and DIP Agent join in the Debtors' request to disband the Official Equity Committee.

### **Reservation of Rights**

4. This Joinder is submitted without prejudice to the Prepetition Agent's and DIP Agent's rights, which are fully reserved, to raise additional arguments with respect to the Debtors' request to disband the Official Equity Committee.

WHEREFORE, for the foregoing reasons, the Prepetition Agent and DIP Agent respectfully request that the Court grant the relief requested in the Motion and such other and further relief as is just and appropriate.

Dated: May 22, 2023
      Wilmington, Delaware

    /s/ Zachary I. Shapiro
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
       shapiro@rlf.com

- and -

Jeffrey Saferstein (admitted *pro hac vice*)
Lauren Tauro (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Jeffrey.Saferstein@weil.com
       Lauren.Tauro@weil.com

TOP IV SPV GP, LLC, and TOP IV Talents, LLC