UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE


IN RE:                              .  Chapter 11
                                    .  Case No. 22-11292 (JKS)
CLOVIS ONCOLOGY, INC.               .
*et al.,*                           .  (Jointly Administered)
                                    .
                                    .  Courtroom No. 6
                                    .  824 Market Street
                    Debtors.        .  Wilmington, Delaware 19801
                                    .
                                    .  Friday, May 26, 2023
. . . . . . . . . . . . . . . . .   1:00 p.m.


TRANSCRIPT OF ZOOM HEARING
BEFORE THE HONORABLE J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE


Audio Operator:            Lisa Brown, ECRO

Transcription Company:     Reliable
                           The Nemours Building
                           1007 N. Orange Street, Suite 110
                           Wilmington, Delaware 19801
                           Telephone: (302)654-8080
                           Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

INDEX

MOTIONS:                                                          PAGE

Agenda
Item 1:   Court's Ruling on Debtors' Emergency Motion          3
          for Entry of an Order Disbanding the Official
          Committee of Equity Holders [D.I. 674].

Transcriptionist's Certificate                                 8

(Proceedings commenced at 4:00 p.m.)

THE COURT:  Good afternoon, this is Judge Stickles.  We're on the record in the case of Clovis Oncology, Inc., Case Number 22-11292.

This is the time set aside for the Court's ruling on the debtors' motion to disband the Equity Committee.

Before I rule, I want to thank the parties for their fulsome briefing and their thoughtful presentations yesterday.

As a threshold matter, the U.S. Trustee argues, as a matter of law, that the Court lacks authority to disband an Equity Committee that the U.S. Trustee has appointed under Section 1102(a)(1).  The U.S. Trustee maintains that if he deems an Equity Committee appropriate, that is the end of the inquiry.

The Court disagrees.  Courts in this district have held that the Bankruptcy Court has the power to review the U.S. Trustee's decision to appoint a Committee.  These cases include Washington Mutual, Edgenet, Filene, Basement, to name a few.

There is no express language in the Bankruptcy Code that prohibits or restricts the Court from judicial review of the trustee's decision to appoint a committee. This view is consistent with the longstanding presumption that Congress intended for judicial review of administrative

actions; consequently, the Court sees no reason to conclude that Congress intended to restrict judicial review of the U.S. Trustee's decision under Section 1102.  I also agree with Judge Kaplan's reasoning in LTL Management, LLC, that the notion that the U.S. Trustee's decisions regarding Committee appointment are -- are not subject to any type of review by any authority seems to belie common sense.  And, finally, Bankruptcy Rule 2020 provides that any act by the U.S. Trustee is subject to review by the Bankruptcy Court.

Turning to the issue of the appropriate standard of review, I agree with cases such as Edison Brothers that the standard for judicial review of the U.S. Trustee decision to appoint a Committee is an abuse of discretion or arbitrary, capricious standard.  As the Third Circuit has noted, these standards are the same, so the Court must determine whether the U.S. Trustee acted arbitrarily, capriciously, or abused the discretion conferred upon him.

A decision is arbitrary and capricious if it is based on an erroneous conclusion of law, a record devoid of evidence, on which the decision-maker could rationally have based the decision, or is otherwise patently unreasonable, arbitrary, or fanciful.  Moreover, the authority to review the trustee's appointments under the abuse-of-discretion standard means that if this Court finds that the trustee acted arbitrarily and capriciously in forming the Committee,

it can issue any order necessary or appropriate to rectify the situation.

Here, the U.S. Trustee provided insight into the decision-making process and the data and information that was considered.  The Court cannot find that such process was an abuse of discretion or arbitrary and capricious.  The record reflects that the United States Trustee initially rejected efforts to form an Equity Committee, following approval of the FAP bidding procedures, which included bidding protections on the entire transaction, meaning both, the up-front payment and all of the milestones.

The Ad Hoc Committee renewed its request to form an Official Equity Committee; thereafter, the U.S. Trustee considered five submissions:  the Ad Hoc Committee's initial and supplemental request for an Official Committee and the SEC's letter in support of the request, as well as the debtors' and Creditors Committee's oppositions.  Following internal deliberations, the U.S. Trustee found it difficult to accept the debtors' and the Creditors Committee's position.

The trustee concluded there was an economic interest that was not being presented that deserved a seat at the table, an interest the U.S. Trustee believed presented -- was best represented by an Official Equity Committee. Included in that decision was a determination that the Ad Hoc

Committee could not adequately represent all 45,000 shareholders, whose interests are canceled and released under the proposed plan.

The Court does not find the process or the trustee's decision-making to be arbitrary and capricious and will not substitute its judgment for that of the trustee.

The debtors argue that the U.S. Trustee's decision was arbitrary and capricious, due to the fact that the debtors are hopelessly insolvent.  The debtors' and the Committee's witnesses estimate that there are approximately 900 million in claims, superior to that of the equity holders, and that even if Sixth Street's claim, which was stipulated to by the debtor, is reduced by 50 percent, there's approximately 720 million in claims ahead of the equity holders.  The debtors also estimate that the net present value of their assets is approximately 445 million, creating a shortfall of 273 million before value is available for distribution to equity.

The debtors' and the Creditors Committee's witnesses do not believe there are any assets or litigation that could bridge this deficit.  The Equity Committee, on the other hand, argues that Equity is in the money.  For example, using the federal discount rate, which I'm not ruling is the correct rate, and assuming all the milestones are met, the shortfall to Equity is approximately 80 million.  But Equity

argues the debtors all have cash and/or company loans with other nondebtors, NOLs, claims reconciliation, plus the potential to sell debtors' remaining assets.

Meeting all the milestones may not happen. Additional recoveries may not materialize. And there is no guaranty that Equity will be in the money; however, at this point, the Court is not tasked with determining value. The Court must determine whether the U.S. Trustee's actions were irrational, arbitrary, or capricious, or an abuse of discretion.

And as I stated, based on the record, the trustee's decision-making process was not arbitrary and capricious and the Court is not going to substitute its judgment for that of the United States Trustee. So, for these reasons, the motion to disband the Equity Committee is denied. Counsel should confer and submit a proposed form of order.

Thank you. I appreciate your time. I appreciate you getting on a call on a Friday afternoon before a holiday, and I wish you all a good holiday.

We stand adjourned.

COUNSEL: Thank you, Your Honor.

(Proceedings concluded at 4:08 p.m.)

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

/s/ William J. Garling                    May 26, 2023

William J. Garling, CET-543

Certified Court Transcriptionist

For Reliable