IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CLOVIS ONCOLOGY INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11292 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 828, 829** |

**DEBTORS' OBJECTION TO (A) THE EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF CLOVIS ONCOLOGY, INC. FOR ENTRY OF AN ORDER (I) APPOINTING A JUDICIAL MEDIATOR, AND (II) REFERRING CERTAIN MATTERS TO MANDATORY MEDIATION AND (B)MOTION FOR AN ORDER, PURSUANT TO DEL. BANKR. L.R. 9006-1(E), SHORTENING THE TIME FOR NOTICE OF HEARING TO CONSIDER EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OF CLOVIS ONCOLOGY, INC. FOR ENTRY OF AN ORDER (I) APPOINTING A JUDICIAL MEDIATOR, AND (II) REFERRING CERTAIN MATTERS TO MANDATORY MEDIATION**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned attorneys, hereby submit this objection to the motion (the "Motion to Shorten") [Docket No. 829] of the Official Committee of Equity Security Holders (the "Equity Committee") for entry of an order shortening notice of the *Emergency Motion of the Official Committee of Equity Security Holders of Clovis Oncology, Inc. for Entry of an Order (I) Appointing a Judicial Mediator, and (II) Referring Certain Matters to Mandatory Mediation* (the "Motion to Compel Mediation") [Docket No. 828] and to the underlying Motion to Compel Mediation. In support of this objection, the Debtors respectfully represent as follows:

**ARGUMENT**

1. The Debtors have devoted significant time, effort and money during the past six months to bring these cases to the doorstep of confirmation. Yesterday, three business days before

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 110, Boulder, CO 80301.

the combined hearing is set to start, the Equity Committee proposed to knock these cases off-track by seeking an adjournment of that hearing and forcing the parties into mediation to retread ground. As explained below, the Motion to Shorten should be denied because there is no basis for expedited consideration of the Equity Committee's issues, which have been well-known for months and could have been raised weeks ago. Moreover, this is not a case that will be aided by mediation: the Equity Committee has objected to the Plan on only three bases—one of which has been resolved by the Debtors' Amended Plan filed yesterday, and the other two raise legal issues regarding the appropriateness of releases. Those legal arguments were already previewed for the Court at the initial disclosure statement hearing and are now fully-briefed and ripe for decision on Monday. The Debtors will continue to engage with the Equity Committee in the coming days in an effort to narrow disputes in advance of Monday, but mediation will only remove the pressure to settle prior to Monday's hearing, while delaying these cases and draining more money from the estates, which the Debtors and their stakeholders can ill-afford to spend. The Motion to Shorten and Motion to Compel Mediation should be denied and the parties should proceed to the first phase of the combined hearing, as has been planned for months.

2. Rule 9006(c) of the Federal Rules of Bankruptcy Procedure permits the Court "for cause shown" to order time periods set by the Bankruptcy Rules to be reduced. In exercising its discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012). The Equity Committee's Motion to Shorten fails to satisfy this standard for at least the following reasons.

3. As an initial matter, this is not an "emergency." The timing of the commencement of confirmation of these Chapter 11 Cases has been a well-known to all parties for months. In fact, the hearing had originally been set to commence on May 25th, and when the Court rescheduled it for June 5th, counsel for the Equity Committee raised no objections—despite being well-aware

of the terms of the Plan and the objections to it.² The Equity Committee also did not raise an issue as to timing during the hearing on May 25th, even though all parties knew it was only "seven business days" away.³ Therefore, there is no reasonable argument that the Equity Committee was not fully aware of the issues it claims give rise to emergency relief at least a week ago. In fact, most of the issues the Equity Committee seeks to mediate were raised in its initial request to the U.S. Trustee back in March seeking appointment of an official equity committee. As the Equity Committee's request for a shortened notice period is of a "self-inflicted nature," the Motion to Shorten should be denied. *Pappan Enterprises, Inc. v. Hardee's Food Sys., Inc.*, 143 F.3d 800, 806 (3d Cir. 1998).

4.      Further, scheduling an emergency hearing right before the combined hearing will also impose additional burdens on the Court and unnecessary costs on the estates in preparing to litigate these Motions, and take time and attention away from the critical matter of preparing for the combined hearing. *See In re Cont'l Airlines*, 177 B.R. 475, 481 (D. Del. 1993) (noting that litigation poses distraction for debtors and substantially detracts from reorganization efforts). Such costs are not warranted here.

5.      Moreover, the Equity Committee has already objected to the Plan on three bases. As set forth below, none of these objections warrant mediation.

6.      First, the Equity Committee objected to the Plan on the basis that it was not filed in good faith. The Equity Committee specifically cited the provisions in the then-operative Plan that (i) excluded the Equity Committee in the definitions of "Exculpated Parties" and Released Partiers" (D.I. 808 ¶ 42), (ii) foreclosed the possibility of any recovery by Class 7 Holders (*id.* at ¶ 47) ("[a]lthough the Plan includes a mechanism for "contingent value rights," such 'CVRs' are

---

² May 9, 2023 H'rg. Tr. 17:15–18, *In re Clovis Oncology, Inc.* No. 22-11292 (Bankr. D. Del) (When asked by the Court if the June 5th date worked for all the parties, counsel to the Equity Committee responded: "Yes, it does, Your Honor.").

³ May 25, 2023 H'rg. Tr. 4:19–20, *In re Clovis Oncology, Inc.* No. 22-11292 (Bankr. D. Del).

only provided to" other classes of claimants), and (iii) and contained a "complete exclusion of Class 7 Holders from any role in the Liquidation Trust," including by not being "Beneficiaries" of the trust (*id.* at ¶ 49), having no "input into the terms of the Liquidation Trust Agreement" (*id.* at ¶ 50) and having no representation on the Liquidation Trust Board (*id.* at ¶ 51). These objections are now moot. Yesterday, the Debtors filed an Amended Plan that provides that in the event there is any residual value to the Trust, the Liquidating Trustee can issue CVRs, which will allow equity holders to recover. The Amended Plan also adds the Class 7 interest holders to the definition of "Beneficiaries" in the event there is residual value in the Trust, adds the Equity Committee to the Exculpated Parties and Released Parties definitions, and provides Class 7 observation rights to the Liquidation Trust Board, consultation rights over the Liquidation Trust Agreement and the Confirmation Order and public quarterly reporting. Additionally, the Debtors have authorized the Equity Committee to interview the proposed appointed Liquidation Trustee. The Equity Committee has largely been given all that they could seek in a mediation. To the extent there are additional protections or rights the Equity Committee seeks, the Debtors, the Official Committee of Unsecured Creditors (the "Creditors' Committee") and other parties remain willing to continue to engage constructively with the Equity Committee over the next several days. But there is no reason to throw these cases off schedule to mediate what are essentially business issues.

7. Second, the Equity Committee has objected to the debtor releases in the Plan and also the requirement that equity holders—who wish to keep their direct claims against directors and officers—must opt out of the third-party releases. The United States Trustee, the Securities and Exchange Commission and the Equity Committee have each submitted lengthy objections, which the Debtors and Creditors' Committee have responded to. Those issues are all now teed up for the combined hearing on Monday. From the perspective of the Debtors and plan proponents, there is no room to negotiate these points, as the parties have a disagreement over what the law allows. Mediation is ill-suited to resolve this issue.

8. Finally, the motions are based on a faulty factual premise—that since there is going to be a second phase of the combined hearing in late June, what is the harm in delaying the first hearing? The Court should give this argument no weight. The Debtors remain optimistic that the Creditors' Committee and Sixth Street will consensually resolve their disagreements well-before the second hearing date, thus enabling these cases to move to a successful conclusion even more quickly than currently contemplated. Collapsing the confirmation timeline at this point would defeat the entire purpose of the bifurcated confirmation process. In light of the testimony the Court heard on May 25 regarding the financial burdens imposed by additional delay, the Debtors respectfully request that the Motion to Shorten be denied.

[*Signature page follows*.]

# CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court deny the Motion to Shorten and the Motion to Compel Mediation.

Dated:  June 1, 2023
        Wilmington, Delaware

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

*/s/ Michael A. Ingrassia*
Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
Matthew O. Talmo (No. 6333)
Michael A. Ingrassia (No. 7068)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Facsimile:  (302) 658-3989
rdehney@morrisnichols.com
aremming@morrisnichols.com
mtalmo@morrisnichols.com
mingrassia@morrisnichols.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Andrew S. Mordkoff (admitted *pro hac vice*)
Erin C. Ryan (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019-6099
Telephone:  (212) 728-8000
Facsimile:  (212) 728-8111
rstrickland@willkie.com
amordkoff@willkie.com
eryan@willkie.com

*Co-Counsel to the Debtors and Debtors in Possession*