# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CLOVIS ONCOLOGY, INC., *et al*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 22-11292 (JKS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 848, 904**<br><br>**Administrative Claims Bar Date:**<br>**August 10, 2023 at 5:00 p.m. (ET)**<br><br>**Fee Claims Bar Date:**<br>**August 24, 2023**<br><br>**Rejection Damages Bar Date:**<br>See below. |

### NOTICE OF (I) EFFECTIVE DATE OF THIRD AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION OF CLOVIS ONCOLOGY INC. AND ITS AFFILIATED DEBTORS PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AND (II) CERTAIN CLAIMS BAR DATES

**PLEASE TAKE NOTICE THAT:**

1. **Entry of Confirmation Order**. On June 16, 2023, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming the Third Amended Joint Chapter 11 Plan of Liquidation of Clovis Oncology Inc. and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 904] (the "Confirmation Order"), pursuant to which the Bankruptcy Court approved and confirmed the *Third Amended Joint Chapter 11 Plan of Liquidation for Clovis Oncology, Inc. and Its Affiliated Debtors*, dated June 13, 2023 [D.I. 848-1] (the "Plan").[2]

2. **Effective Date**. The Effective Date, as defined in the Plan, occurred on **July 10, 2023**.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their U.S. federal tax identification number, to the extent applicable, are Clovis Oncology, Inc. (5355), Clovis Oncology UK Limited, and Clovis Oncology Ireland Limited. The Debtors' headquarters is located at 5500 Flatiron Parkway, Suite 110, Boulder, CO 80301.

[2] Capitalized terms used but not defined herein are defined in the Plan or Confirmation Order, as applicable.

3. **Administrative Claims Bar Date.** Except with respect to (i) a Fee Claim, (ii) an Administrative Expense Claim that has been allowed on or before the Effective Date, (iii) a 503(b)(9) Claim, (iv) any Claim, to the extent not previously paid, for the reasonable and documented out-of-pocket fees, expenses, costs and other charges incurred by the DIP Lenders or Prepetition Lenders, the Debtors' payment of which is provided for in the Final DIP Order and this Plan, which Claim shall be Allowed on the Effective Date, (v) an Administrative Expense Claim for an expense or liability incurred prior to the Effective Date in the ordinary course of business, (vi) an Administrative Expense Claim on account of fees and expenses incurred on or after the Petition Date but before the Effective Date by ordinary course professionals retained by the Debtors pursuant to an order of the Bankruptcy Court, (vii) an Administrative Expense Claim arising, in the ordinary course of business, out of the employment by one or more Debtors of an individual from and after the Petition Date but before the Effective Date, but only to the extent that such Administrative Expense Claim is solely for outstanding wages, commissions, accrued benefits, or reimbursement of business expenses, (viii) U.S. Trustee Fees, or (ix) an Intercompany Claim and except as otherwise provided in the Confirmation Order, the Bar Date Order or the Plan, requests for payment of Administrative Expense Claims arising in the time period between the Petition Date and the Effective Date must be filed with the Bankruptcy Court **by 5:00 p.m. (ET) on August 10, 2023**. As defined in the Plan, an "Administrative Expense Claim" is any Claim for costs and expenses of administration during the Chapter 11 Cases pursuant to sections 328, 330, 363, 364(c)(1), 365, 503(b), 507(a)(2) or 507(b) of the Bankruptcy Code, including, (i) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estates and operating the businesses of the Debtors; (ii) Fee Claims; and (iii) U.S. Trustee Fees. **FAILURE TO FILE AND SERVE SUCH PROOF OF ADMINISTRATIVE EXPENSE CLAIM TIMELY AND PROPERLY SHALL RESULT IN THE ADMINISTRATIVE EXPENSE CLAIM BEING FOREVER BARRED AND RELEASED.**

4. **Fee Claims Bar Date.** All requests for compensation or payment of Fee Claims incurred through and including the Effective Date must be filed with the Bankruptcy Court and served in accordance with the procedures prescribed by the Plan, the Confirmation Order, the Bankruptcy Rules, and other rules and orders of the Bankruptcy Court on or before **August 24, 2023**. As defined by the Plan, a "Fee Claim" is a Claim for professional services rendered or costs incurred on or after the Petition Date through the Effective Date by professional persons retained by the Debtors, the Creditors' Committee, or any other official committee appointed in these Chapter 11 Cases pursuant to sections 327, 328, 329, 330, 331, 503(b) or 1103 of the Bankruptcy Code. Objections to such Fee Claims, if any, must be filed and served no later than twenty (20) calendar days after the filing of such fee application or such other date as established by the Bankruptcy Court.

5. **Procedures Relating to Assumption and Rejection of Executory Contracts and Unexpired Leases.** Pursuant to Section 9 of the Plan, each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned (including any Executory Contract or Unexpired Lease assumed and assigned in connection with an Asset Sale) shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (i) as of the Effective Date is subject to a pending motion to assume such Unexpired Lease or Executory Contract; (ii) is a contract, release, or other agreement or document entered into in connection with the Plan; (iii) is a D&O Policy or an

insurance policy; or (iv) is identified for assumption on the Assumption Schedule included in the Plan Supplement.

6. **Rejection Damages Claim Bar Date.** Unless otherwise provided by an order of the Bankruptcy Court, any Proofs of Claim based on the rejection of the Debtors' Executory Contracts or Unexpired Leases pursuant to the Plan or otherwise, must be filed with Bankruptcy Court and served on the Liquidation Trustee no later than thirty (30) days after the earlier of (i) notice of entry of an order approving the rejection of such Executory Contract or Unexpired Lease; and (ii) the occurrence of the Effective Date. **Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed with the Bankruptcy Court within such time will be forever barred from assertion, and shall not be enforceable against the Debtors, the Liquidation Trust, the Debtors' Estates, or the property for any of the foregoing, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease shall be deemed fully compromised, settled, and released, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.** All Allowed Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified as Class 5A U.S. General Unsecured Claims, Class 5B U.K. General Unsecured Claims, or Class 5C Ireland General Unsecured Claims, depending on which Debtor is the applicable counterparty to such Executory Contract or Unexpired Lease, except as otherwise provided by order of the Bankruptcy Court.

7. **Copies of Plan Related Documents.** Copies of the Confirmation Order and the Plan, together with all pleadings and orders of the Bankruptcy Court in the above-captioned Chapter 11 Cases, are publicly available by accessing the Bankruptcy Court's website, http://www.deb.uscourts.gov, for a nominal charge (a PACER account is required), or by accessing Kroll's website, https://cases.ra.kroll.com/tpcgroup/Home-Index, free of charge.

8. **Binding Effect of Plan and Confirmation Order.** The provisions of the Plan and the Confirmation Order shall be binding and inure to the benefit of the Debtors, the Liquidation Trustee, the Released Parties, all present and former holders of Claims and Interests, and their respective successors and assigns. Except as expressly provided in the Plan, all agreements, instruments and other documents filed in connection with the Plan shall be given full force and effect, and shall bind all parties referred to therein as of the Effective Date, whether or not such agreements are actually issued, delivered, or recorded on the Effective Date or thereafter and whether or not a party has actually executed such agreement. Effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Plan and the Confirmation Order, all prior orders entered in the Chapter 11 Cases, all documents and agreements executed by the Debtors as authorized and directed thereunder and all motions or requests for relief by the Debtors pending before the Court as of the Effective Date that ultimately are granted shall be binding upon and shall inure to the benefit of the Debtors, the Liquidation Trustee, and their respective successors and assigns.

| | |
|---|---|
| Dated: July 11, 2023<br>Wilmington, Delaware | **MORRIS NICHOLS ARSHT & TUNNELL LLP**<br><br>*/s/ Michael A. Ingrassia*<br>Robert J. Dehney (No. 3578)<br>Andrew R. Remming (No. 5120)<br>Matthew O. Talmo (No. 6333)<br>Michael A. Ingrassia (No. 7068)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>rdehney@morrisnichols.com<br>aremming@morrisnichols.com<br>mtalmo@morrisnichols.com<br>mingrassia@morrisnichols.com<br><br>-and-<br><br>**WILLKIE FARR & GALLAGHER LLP**<br>Rachel C. Strickland (admitted *pro hac vice*)<br>Andrew S. Mordkoff (admitted *pro hac vice*)<br>Erin C. Ryan (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, New York 10019-6099<br>Telephone: (212) 728-8000<br>Facsimile: (212) 728-8111<br>rstrickland@willkie.com<br>amordkoff@willkie.com<br>eryan@willkie.com<br><br>*Counsel to the Debtors and Debtors in Possession* |